**In re ASBESTOS LITIGATION.**

**Civil Action No. 1–ml–1.**

United States District Court,
D. Massachusetts.

June 4, 1998.

Richard M. Sandman, Law Office of Allen Rodman, Malden, MA, Stephen A. Katz, Stephen A. Katz, P.C., New York City, David McMorris, Thornton, Early & Naumes, Boston, MA, for Asbestos Litigants.

James H. Anderson, Taylor, Anderson & Travers, Boston, MA, for Garlock, Inc., Anchor Packing Co.

Lawrence G. Cetrulo, Cetrulo & Capone, Boston, MA, for Armstrong World Industries, GAF Corp., Amchem Products, Inc., Turner & Newall PLC, A.P. Green Industries, Inc., Certainteed Corp., C.E. Thurston and Sons, Inc., Dana Corp., Envirosource, Inc., Ferodo America, Inc., Maremont Corp., Asbestos Claims Managment Corp., Pfizer, Inc., Quigley Co., Shook & Fletcher Insulation Co., Ericsson Radio Systems, Inc.

Nancy Roux, Danaher, Tedford, Lagnese & Neal, P.C., Hartford, CT, for United States Mineral Products Company.

David M. Governo, Martin L. Legg, Ann C. Hindman, Governo & Kavanagh, Boston MA, Spraycraft Corp., Eckel Industries, Inc.

Ann C. Hindman, Governo & Kavanagh, Boston, MA, for Durabla Manufacturing Co., American Biltrite, Inc., General Refractories Co., Combustion Engineering, Inc.

Michelle E. Granda, McDermott, Will & Emergy, Boston, MA, for Wagner Electric Corp.

Janet L. Maloof, Deutsch, Williams, Brooks, DeRensis, Holland & Drachman, Boston, MA, for Fibreboard Corp.

Edward P. Coady, Ashcraft & Gerel, Boston, MA, for Richard Bafaro, Patricia Bafaro, Robert M. Barry.

### MEMORANDUM RE: REMAND

GERTNER, District Judge.

█ 28 U.S.C. § 1407(a) contemplates two situations in which pending cases that have been consolidated by the Judicial Panel on Multidistrict Litigation ("Judicial Panel") may be resolved. In one, the matter is "terminated" in the transferee court; in the second, there is a remand to the transferor court "at or before the conclusion of pretrial proceedings." [1]

On March 31, 1998, the Judicial Panel circulated a memorandum expressly addressed to the second situation, transfer "at or before conclusion of pretrial proceedings." It directed interested readers to the Supreme Court's decision in *Lexecon Inc. v. Milberg Weiss*, —— U.S. ——, ——, 118 S.Ct. 956, 957, 140 L.Ed.2d 62 (1998). In *Lexecon*, the Court noted that § 1407(a) "obligates the Panel to remand any pending case to its originating court when, at the latest, those pretrial proceedings have run their course." *Id.* That obligation was, as the Court found, "unconditional." *Id.* 118 S.Ct. at 962.

In this district, 2,546 of the cases that have been transferred to the Judicial Panel under 28 U.S.C. § 1407 have been listed as "closed" according to the records of Judge Charles Weiner, the transferee judge in the U.S. District Court for the Eastern District of Pennsylvania. The question remains whether "closed" means "pretrial proceedings have run their course" within the meaning of *Lexecon* or "terminated" as that word is understood in § 1407(a). 28 U.S.C. § 1497(c)("unless [the case] shall have been previously terminated").

#### (1) *Do the cases fit the "pretrial proceedings [having] run their course" standard?*

On April 14, 1998, I issued an Order To Show Cause why the 2,546 closed cases

should not be remanded to the District of Massachusetts. I assumed that "closed" by the terms of Judge Weiner's Order did not mean "terminated" in the usual sense. Rather, it meant pretrial proceedings had "run their course."

The Order does not appear to be a complete resolution of all claims among the parties. The Dismissal Order entered by the transferee judge in each of the cases notes that it is "without prejudice." It adds that "[t]he cases are to remain in status quo and the Statute of Limitation is tolled... discovery and settlement discussions will continue.... The parties shall keep the court advised of the status of these cases...." The parties were urged to interact to resolve their disputes. The plaintiffs were still to engage in the process of documenting their present or subsequently occurring injuries and, if settlement efforts proved unavailing, plaintiffs could seek to reopen their cases. See attachment "A."

Moreover, in 1995, twenty-six cases were remanded to the District of Massachusetts, all of which had been "closed" and "dismissed" by the transferee court. In the Order of Transfer accompanying the remand, the transferee Court noted that a) settlement negotiations had not resolved these cases as to all defendants, b) that in order to complete the resolution of these actions, they "should be returned to the transferor court for completion of the necessary discovery, further mediation, A.D.R. or other proceedings," and c) the cases met the transferee court's criteria for serious disease or hardship. See attachment "B." All twenty-six cases were resolved in the District of Massachusetts, twenty-four were resolved without resort to a trial.

Using the twenty-six cases as a model, at this Court's direction, the parties prepared a list of 150 of the transferred cases. Those cases fit the same criteria as the twenty-six which had been remanded, namely "closed" cases, involving plaintiffs alleging serious disease or hardship—the oldest cases and the

---

1. 28 U.S.C. § 1407(a) provides, in pertinent part: Each action so transferred shall be remanded by the panel at or before the conclusion of such pretrial proceedings to the district from which it was transferred unless it shall have been previously terminated.

sickest plaintiffs (those with mesothelioma and lung cancer). In addition, the court issued an Order To Show Cause to determine which of the other cases of the 2,546 "closed" cases would also qualify for remand under Judge Weiner's criteria.

### (2) *Do the cases fit the "terminated" category?*

There is another way to characterize these "closed" cases, namely that they fit within the second category contemplated by § 1407(a), the "termination" provision, and therefore not available for remand. "Termination," as the Court stressed in *Lexecon,* must be real; there would be no "ceremonial remand orders in cases already concluded by summary judgment, say, or dismissal." *Lexecon,* —— U.S. at ——, 118 S.Ct. at 963. "Termination" is also defined in Rule 14, Rules for Multidistrict Litigation: "Actions terminated in the transferee district court by valid judgment, including but not limited to summary judgment, judgment of dismissal and judgment upon stipulation, shall not be remanded by the Panel and shall be dismissed by the transferee district court." R. Multidist. Lit. 14.

### (3) *Analysis*

■ A substantial amount of time has passed since the 2,546 cases have been "closed" by the transferee court. Some have been "closed" since 1991, most were closed in 1992, the last 444 in October 1997. Unless I hear otherwise from the parties, I am obliged to assume that the word "closed" has its ordinary meaning, that the 2,546 cases have been fully resolved and should be formally terminated on the docket of the District of Massachusetts.

Plaintiffs are **ORDERED** to clarify the situation by June 26, 1998, with respect to the following:

a) identify at least 150 cases which are suitable for remand under the terms of Judge Weiner's Orders and the relevant rules of the Judicial Panel;

b) said group of 150 cases may include the original group identified by the parties several months ago, so long as it includes a rea-sonable sampling of cases brought by all the law firms representing plaintiffs; and,

c) indicate to the court whether or not the plaintiffs intend to seek remand of those cases before the transferee court, and if necessary, the Judicial Panel and if so, when.

In addition, by December 30, 1998, the plaintiffs are **ORDERED** to identify any other cases that have been "closed" by the transferee court, likewise meeting the requirements for remand established by the transferee court as well as the Judicial Panel in (a) above, and indicate whether or not the plaintiffs intend to seek remand (as in (c) above).

**SO ORDERED.**

Attachment

"A"

In the United States District Court
for the Eastern District of Pennsylvania

In re Asbestos Products Liability
Litigation (No. VI)

This Document Relates to:

USDC–District of Massachusetts
(See Attached Schedule)

Civil Action No. MDL 875.

Charles R. Weiner, Judge.

*DISMISSAL ORDER*

AND NOW it is ORDERED that the above-referenced matters are **DISMISSED WITHOUT PREJUDICE**. The cases are to remain in status quo and the Statute of Limitations is tolled. Jurisdiction is retained in the Eastern District of Pennsylvania.

It is further understood that all discovery and settlement discussions will continue, and, if intervention by the Court is needed or desired, the parties may ask for assistance by filing the appropriate motions, writing to the Court or setting a telephone conference. The parties shall keep the Court advised of the status of these cases and each party is to pay his or her own costs.

By the Court:

April 7, 1993.

Attachment

"B"

### TRANSFER

THIS MATTER being reviewed this date upon Plaintiffs' Request For Remand/Transfer and the Court having examined the matter; and

THE COURT FINDS the following conditions present:

a) The parties to these actions have engaged in settlement negotiations which has not resolved theses case as to all defendants in the actions, and

b) In order to complete the resolution of these actions, they should be returned to the transferor court for completion of necessary discovery, further mediation, A.D.R. or other proceedings, and

c) These cases meet the Court's criteria for serious disease or hardship;

THE COURT FURTHER FINDS that the issue of punitive damages must be resolved at a further date with regard to the entire MDL action, and therefore any claims for punitive or exemplary damages are hereby ORDERED severed from these cases and retained by the Court within its jurisdiction over MDL 875 in the Eastern District of Pennsylvania.

THE COURT ALSO FINDS that the United States District Court for the District of Massachusetts is a district wherein these actions may have originally been brought, and that for the convenience of the parties and in the interest of justice these actions should be returned there for further proceedings.

THE COURT THEREFORE ORDERS, pursuant to Section 1404(a), Title 28, United States Code, that these cases be TRANSFERRED to the United States District Court for the District of Massachusetts for further proceedings.

By the Court:

Sept. 15, 1995.